■ CROSS & BROWN COMPANY, Appellant-Respondent, v LABORATORY FURNITURE, INC., Respondent-Appellant.—Order, Supreme Court, New York County, entered on May 7, 1980, denying defendant-respondent's motion for summary judgment and plaintiff-appellant's cross motion for summary judgment, unanimously modified, on the law, with costs, to the extent of granting plaintiff-appellant's cross motion, and otherwise affirmed. Defendant, as tenant of certain warehouse space, desired to sublease all or a portion of this space. To this end, plaintiff engaged the services of Williams Real Estate Company, Incorporated. The agreement between these parties provided that if Williams was the "procuring cause" of the sublease, Williams would be entitled to the commission. If an "outside broker" brought about the sublease this other broker would get the commission and Williams would then receive a substantially lesser commission. Plaintiff, a licensed real estate broker, was the "procuring cause" of the sublease between defendant and Sigma Marketing Systems, Incorporated, Division of ARA Services, Incorporated (Sigma). The sublease between these parties was dated July 26, 1974 for a term of five years commencing August 1, 1974. On the latter date, the plaintiff and defendant entered into a written brokerage agreement concerning the payment of commissions. This agreement provided, in pertinent part, that defendant agreed to pay the commission for the present sublease and further agreed to pay additional commissions "in the event the Tenant [Sigma] shall renew the subject lease or execute a lease for any additional space within the premises of which the demised premises are a part". Payment of these fees was based upon possession in the case of rental of additional space, and upon commencement of the new term in the event of renewal. Thereafter, Sigma, in 1975, leased additional warehouse space. Defendant paid plaintiff the appropriate compensation pursuant to the above agreement. Three years later Sigma executed a sublease for additional space and renewed the term of the original sublease. Defendant, after demand, refused to pay commissions on this latest transaction. The parties to this action entered into a succinct and unambiguous agreement which provided for the payment of a real estate commission upon the happening of one of several events. When the additional space was leased and the term renewed, the defendant was obligated to pay the agreed upon fee. Failure to comply violated the terms of their agreement. We do not see how the intentions of the parties could be construed as other than what was memorialized in this writing. Defendant cannot avoid payment by claiming that there was an absence of negotiations prior to the signing. A unilateral mistake of this nature is insufficient to void the terms of the understanding between these parties, if indeed there was a mistake. Therefore, there exist no material or substantial questions of fact requiring a trial and the court erred in denying plaintiff's cross motion for summary judgment. Concur—Fein, J. P., Sandler, Ross, Markewich and Lupiano, JJ.